# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Dan-Bunkering (Monaco) S.A.M.,**    **Plaintiff** | * | **CIVIL ACTION** |
| | * | **NO. 20-3069** |
| **Versus** | * | **SECTION: E** |
| **M/V ORATORIO, IMO No. 9687679,** her engines, boilers, tackle, furniture, apparel, etc., *et al.*,    **Defendant** *in rem* | * | **MAG. DIVISION: 5** |
| | * | **JUDGE: MORGAN** |
| | * | **MAGISTRATE JUDGE: NORTH** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION AND ORDER APPOINT REPRESENTATIVE TO SERVE VESSEL WITH WARRANT OF ARREST

PLAINTIFF, Dan-Bunkering (Monaco) S.A.M. ("Dan-Bunkering") by and through its attorneys having appeared and made the following recitals:

1.  Dan-Bunkering, through undersigned counsel, and moves for an order appointing Global Maritime Security ("GMS"), the Substitute Custodian to be named in this case for the Vessel, by and through its authorized representatives to serve as representative to serve the warrant of maritime arrest on the M/V ORATORIO ("Vessel") given the present unavailability of the United States Marshal Service for this District.

2.  As grounds for this motion, Plaintiff states that by counsel, it today contacted the office of the United States Marshal, and the Duty Officer responded that no Deputies are available to serve vessel arrest warrants, including because of the Veterans Day holiday. Further, COVID-19 generally has restricted the work of Deputy Marshals in this District and around the United States, and it is unlikely that a Deputy Marshal will be available to timely serve the arrest warrant, before the Vessel departs this District.

3. This Court recently in *Cornerstone Chemical Company v. M/V NOMADIC MILDE*, Civil Action No. 2:20-cv-01411-EEF-JVM (Fallon, J.) recently appointed a representative to serve maritime arrest warrants under Admiralty Rule C, when the United States Marshal in this District was unavailable, and this has been done by a range of U.S. District Courts in this situation, *Chemoil Corp. v. M/V DARYA VISHNU*, 2014 A.M.C. 371, 2013 WL 6328829 at *4 (W.D. Wash. 2013) (rejecting vessel owner's argument that appointment of individual to serve warrant of maritime arrest was wrongful); *Williamette Prod'n Credit Ass'n v. Staffenson*, 1985 A.M.C. 1511, 1984 WL 1793 at *1 (D. Or. 1984).  As the Chemoil court observed: "Rather than deprive Chemoil of its alleged right to have the vessel arrested, the Court fashioned a practical solution to the problem caused by the U.S. Marshal's unavailability." *Chemoil*, at *4.

4. Other district courts have recently granted similar relief given the unavailability of the US Marshal to serve a maritime arrest warrant or process of maritime attachment and garnishment. *See East Coast Ship Supply v. M/V ANGELES*, No. 1:20-cv-00617 (D. Del. May 7, 2020); *Dan-Bunkering (Middle East) DMCC v. M/V OLYMPIC PROGRESS*, No. 3:20-cv-522-MO (D. Ore. Apr. 2, 2020) (Doc. 14); *Caddell Dry Dock & Repair Co, Inc. v. Bouchard Transp. Co. Inc.*, No. 1-20-cv-685 (EK-LB) (E.D.N.Y. Feb. 21, 2020) (Doc. 18).

5. Lastly, Admiralty Rule E(4) by its own language envisions occasions where service of a warrant of arrest is to be made by someone other than the marshal. For example, Admiralty Rule E(4)(a) provides "the marshal or other person or organization having a warrant." Adm. R. E(4)(a). Similar language appears in A- d2 -miralty Rules E(4)(b), (c) and (d).

It is ORDERED that Global Maritime Security Inc. hereby is appointed by and through its authorized representatives to serve as representative to serve the warrant of maritime arrest on

the M/V ORATORIO ("Vessel") given the present unavailability of the United States Marshal Service for this District.

ORDERED that Global Maritime Security Inc. shall upon service of the warrant of arrest, cause return of service to be filed in this case;

ORDERED that Dan-Bunkering shall be responsible for all costs of service of the warrant of arrest.

ORDERED that Plaintiff's attorney will serve the owner of Defendant M/V ORATORIO with a copy of this Order.

DATED this 12th day of November, 2020, at New Orleans, LA:

_____
UNITED STATES DISTRICT JUDGE


Respectfully submitted,

/s/ G. Beauregard Gelpi
G. Beauregard Gelpi (#18226)
Wagner, Bagot & Rayer LLP
601 Poydras Street, Suite 1660 New Orleans, Louisiana 70130-6029 Tel: 504-525-2141
Email: bgelpi@wb-lalaw.com

/s/ J. Stephen Simms
J. Stephen Simms (*pro hac vice* applied for)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Phone:    (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

Dan-Bunkering Counsel

WHEREFORE, Dan-Bunkering respectfully requests this Court to grant this motion, and to appoint the Substitute Custodian to be named in this case for the Vessel, Global Maritime Security (GMS) as a representative of the U.S. Marshal for purposes of serving the warrant for maritime arrest and other related orders of the Court on the master or other officer on duty of the Vessel.

Respectfully submitted,

| | |
|---|---|
| /s/ G. Beauregard Gelpi | /s/ J. Stephen Simms |
| G. Beauregard Gelpi (#18226) | J. Stephen Simms (*pro hac vice* applied for) |
| Wagner, Bagot & Rayer LLP | Simms Showers LLP |
| 601 Poydras Street, Suite 1660 | 201 International Circle, Suite 250 |
| New Orleans, Louisiana 70130-6029 | Baltimore, Maryland 21030 |
| Tel: 504-525-2141 | Phone:    (410) 783-5795 |
| Email: bgelpi@wb-lalaw.com | Facsimile: (410) 510-1789 |
| | jssimms@simmsshowers.com |

Dan-Bunkering Counsel